# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1646

_____

United States of America,          *
                                   *
              Appellee,            *
                                   *   Appeal from the United States
       v.                          *   District Court for the
                                   *   Western District of Arkansas.
Gilberto Aguilar-Pena,             *
                                   *   [UNPUBLISHED]
              Appellant.           *

_____

Submitted:  October 26, 2010
    Filed:  November 8, 2010

_____

Before BYE, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

       A jury found Gilberto Aguilar-Pena guilty of being an alien found unlawfully in the United States after having been deported following a felony drug conviction, in violation of 8 U.S.C. § 1326(a) and (b)(1).  The district court[1] sentenced him within the calculated advisory Guidelines range to 41 months in prison and 3 years of supervised release, and ordered him to pay a fine of $2,500.  His counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), asserting that the district court committed reversible error by not excusing the venire

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

panel after informing the panel that Aguilar-Pena was not a citizen. In addition, Aguilar-Pena has filed a pro se notice of appeal which mentions an evidentiary ruling and his sentence.

We conclude that the district court did not commit reversible error in declining to excuse the venire panel. See United States v. Urqhart, 469 F.3d 745, 747, 749 (8th Cir. 2006) (no abuse of discretion in denying motion for mistrial after court stated that defendant was from Canada). Further, to the extent Aguilar-Pena challenges the district court's ruling excluding as irrelevant certain evidence related to his reason for reentering the United States, we conclude that the district court did not abuse its discretion in excluding the evidence. We also conclude that the within-Guidelines-range sentence did not result from any procedural error and is not substantively unreasonable. See generally United States v. Feemster, 572 F.3d 455, 461, 464 (8th Cir. 2009) (en banc). Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issue for appeal. Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the district court.

_____